IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) Bankruptcy No. 13-22125 CMB |
| SHANNI SNYDER, | ) |
| Alleged Debtor. | ) Involuntary Chapter 7 |
| ROBERT BIROS, | ) |
| Movant, | ) |
| vs. | ) |
| SHANNI SNYDER, | ) |
| Respondent. | ) |

## OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY

AND NOW COMES the Alleged Debtor, Shanni Snyder ("Snyder") and files this, her opposition to the motion for relief from automatic stay:

1. The movant seeks relief from an automatic stay claiming that he is owed rent and that the automatic stay prevents him from maintaining an action to collect said amounts.

2. While it is true the automatic stay stops any proceeding stemming from pre-petition debts, if the movant has a claim to post-petition debts, he may take action without violating the automatic stay.

3. That is, nothing stops the movant from filing a <u>new</u> case based on post-petition debt so long as he does not include relief based on pre-petition activity.

4. To the extent that the movant is admitting there is no post-petition debt and that he wants relief from the automatic stay to continue an action for pre-petition debt or occurrences, the request must be denied.

5. Initially, the request is premature for several reasons. First, this Court did not enter an Order for Relief yet. Allowing an eviction proceeding would interfere with the prospective trial to determine whether this involuntary bankruptcy should even proceed. An eviction based on pre-petition occurrences may make business records unavailable or cause said records to be impounded. Second, schedules have not yet been filed and the other creditors have not had the opportunity to oppose the motion. Until an Order for Relief is entered and all creditors are notified, the request appears inappropriate and will lead to the movant receiving an unfair advantage in this case.

6. Moreover, the movant has not alleged any irreparable harm other than he could possibly be receiving rent if the stay is not lifted. Movant has many rental properties along with vending businesses and has no real financial hardship. He has filed no affidavits or other evidence showing that he would be placed in any form of financial jeopardy if the stay is not lifted.

7. The movant has not shown he is entitled to relief from the automatic stay. Section 362(d)(1) of the Bankruptcy Code provides, in relevant part, that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . . ." 11 U.S.C. § 362(d)(1).

8. The Bankruptcy Code does not define "cause." In determining whether "cause" exists to lift the stay for prepetition litigation, courts consider the following factors (the "Sonnax Factors"): (1) whether relief would result in a partial or complete resolution of the issues, (2) the lack of any connection with or interference with the bankruptcy case, (3) whether the other proceeding involves the debtor as a fiduciary, (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action, (5) whether the debtor's insurer has assumed full responsibility for defending

the action, (6) whether the action primarily involves third parties, (7) whether litigation in another forum would prejudice the interests of other creditors, (8) whether the judgment claim arising from the other action is subject to equitable subordination, (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor.

9. None of these factors favor the movant. The movant has not even discussed the harm to other parties or why proceeding would not prejudice other creditors.

10. The alleged debtor believes the motion should be denied without prejudice until a time after this Court either grants or denies an Order for Relief and after all creditors are notified.

                              Respectfully submitted,

                              Shanni Snyder
                              PO Box 96
                              East McKeesport, PA 15035
                              412-758-1371

                              ALLEGED DEBTOR

## CERTIFICATE OF SERVICE

I, Shanni Snyder, certify that I have mailed a true copy of the foregoing to the following parties on September 3, 2013:

Michael Sussman
9450 SW Gemini 10287
Beaverton OR  97008

Rodney Shepherd, Esq.
2403 Sidney Street, Suite 208
Pittsburgh, PA  15203

**Office of the United States Trustee**
Liberty Center.
1001 Liberty Avenue, Suite 970
Pittsburgh, PA 15222

_____
Shanni Snyder